UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ELRICK J GALLOW #290887**          **CASE NO. 6:18-CV-01548 SEC P**

**VERSUS**                           **JUDGE SUMMERHAYS**

**S W SANDY MCCAIN**                 **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Pro se petitioner Elrick J. Gallow, also known as Elrick S. Gallow, is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and confined at the Raymond Laborde Correctional Center in Cottonport, Louisiana. In the instant petition, he attacks his 1999 conviction for second-degree battery and second-degree kidnapping and the thirty (30) year sentence imposed thereon by Louisiana's 13th Judicial District Court, Evangeline Parish, in the matter assigned Docket Number 58282 FA. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeal.

## Statement of the Case

On November 23, 1999, in the 13th Judicial District Court in Evangeline Parish, Petitioner pleaded guilty to one count of second degree battery and one count of second degree kidnapping. [Rec. Doc. 1, p. 1] This is his third federal petition for writ of habeas corpus challenging the subject confinement. *See* Report and Recommendation, No. 16-0174 (W.D. La. . March 28, 2016) (stating that petition then before the Court was the second petition). The first petition was denied on its merits and the second was dismissed as successive. It thus appears that the instant petition is a successive petition within the meaning of 28 U.S.C. § 2244(b).

## Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. See id. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## Sanctions

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. See Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

This is the third time petitioner has tried to collaterally attack his state conviction in a petition under 28 U.S.C. § 2254. The Court thus deems it appropriate to admonish or warn petitioner that sanctions may be imposed, if he files another petition attacking his state conviction without obtaining leave from the Fifth Circuit. Should he persist with his legal maneuvering, he should be barred from filing in

federal court any additional petitions or other actions relating to his 1999 conviction without first obtaining leave of court.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 23rd day of January, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE