# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ELRICK J. GALLOW #290887** | **CASE NO. 6:18-CV-01548 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **S W SANDY MCCAIN** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING

Before the Court is an application for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by pro se Petitioner Elrick J. Gallow. [Doc. No. 1] The matter was referred to Magistrate Judge Carol B. Whitehurst for Report and Recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court. The Magistrate Judge recommends the application be deemed successive and transferred to the United States Court of Appeals for the Fifth Circuit. [Doc. No. 3] After a de novo review of the record and having determined the Magistrate Judge's findings and recommendation are correct under the applicable law, the Court hereby adopts the Report and Recommendation of the Magistrate Judge, as supplemented in this Ruling, and Gallow's application will be deemed successive and transferred to the United States Court of Appeals for the Fifth Circuit.

Gallow is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is confined at the Raymond Laborde Correctional Center. [Doc. No. 1 at 1] In the instant application, Gallow attacks his 1999 convictions for second-degree battery and second-degree kidnapping and the thirty (30) year sentence imposed by the 13th Judicial District Court, Evangeline Parish, State of Louisiana. For a more detailed

recitation of the factual and procedural history of Gallow's claim, *see Gallow v. Cooper*, 505 Fed.Appx. 285 (5th Cir. 2012). On April 27, 1999, Gallow was indicted for aggravated second degree battery, armed robbery and second degree kidnapping. He retained Ahmad Muhammad and Dele Adebamiji as counsel, but only Muhammad was present in court during the two-day trial. On November 23, 1999, during the second day of trial, Gallow pleaded guilty to aggravated second degree battery and second degree kidnapping pursuant to a plea agreement, and the State dismissed the armed robbery charge. Thereafter, Gallow was sentenced to concurrent terms of thirty years and fifteen years of imprisonment.

In February and September of 2000, Gallow, through Adebamiji, filed several motions to withdraw his guilty plea, arguing the plea was involuntary due to Muhammad's ineffective assistance of counsel. An affidavit by Muhammad was attached to the February motion, which indicated Muhammad provided ineffective assistance because he operated under a conflict of interest and suffered from psychological problems during his representation of Gallow. According to a later affidavit from Muhammad, at the time of Gallow's trial, he was no longer practicing law due to his mental health issues, but he agreed to represent Gallow because he was "led to believe the State would offer a plea bargain." *Gallow v. Cooper*, 505 Fed.Appx. 285, 287 (5th Cir. 2012). Muhammad admitted he was unable to effectively cross-examine the victim due to his mental disorder and, more importantly, because he was related to the victim. Due to the foregoing, Muhammad advised Gallow to plead guilty despite Gallow's reluctance to do so. Muhammad additionally failed to inform either Gallow or the State that he had evidence that would impeach the victim's testimony. A hearing was held on Gallow's motions on October 5,

2000. However, because Adebamiji failed to take the appropriate actions to have either Gallow or Muhammad brought to court for the hearing, the hearing was continued until December 1, 2000. When neither Gallow nor Adebamiji appeared at the December hearing, the court granted the State's motion to pass the matter without date.

In 2001, Adebamiji filed applications with the trial court on Gallow's behalf for post-conviction relief, raising the same claims previously set forth in the motions to withdraw Gallow's guilty plea. At a hearing held on November 15, 2001, Adebamiji again failed to produce Muhammad and admitted he had not issued a subpoena to secure his attendance. The court declined to admit Muhammad's affidavit into evidence because Muhammad was not available for cross-examination. The court recessed the hearing for one day. When Adebamiji yet again failed to produce Muhammad, the court denied the applications. Thereafter, Adebamiji withdrew his representation of Gallow. Now proceeding pro se, Gallow filed a writ with the Louisiana Third Circuit Court of Appeals, which was denied, followed by a writ to the Louisiana Supreme Court, which also was denied.

In 2001, Gallow filed a motion "to reopen" his application for post-conviction review, again asserting Muhammad's ineffective assistance. In 2004, the Third Circuit remanded the matter to the trial court for disposition, and Gallow was appointed counsel to represent him. Although Gallow only addressed his claims against Muhammad in his briefing, at the hearing Gallow also faulted Adebamiji, his post-conviction counsel, for failing to secure Muhammad's presence at the original post-conviction hearing. When the court attempted to clarify whether Gallow was claiming his trial counsel or his post-

conviction counsel was ineffective, Gallow's appointed counsel stated that the claim was for ineffective assistance of his post-conviction counsel, Adebamiji. The court ultimately denied the application.

On September 16, 2004, Gallow filed his first federal habeas corpus petition in this Court, asserting claims for: (1) Muhammad's ineffective assistance of counsel at trial, and (2) the denial of his right to compulsory process, due to Adebamiji's failure to secure Muhammad's appearance at the November 16, 2001 post-trial evidentiary hearing. *Gallow v. Cooper*, Civil Action No. 04-1905 (W.D.La.), Doc. No. 1-2 at 4, Doc. No. 16 at 5. The Court dismissed the petition, finding Gallow's claim of ineffective assistance of trial counsel was time-barred under the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A), the running of which was not tolled by Gallow's state court filings, and further finding the claim for denial of the right to compulsory process had no factual basis. *Id.* at Doc. No. 16 at 14, 16; Doc. No. 18. The Court denied a certificate of appealability ("COA"). *Id.* at Doc. No. 23.

Thereafter, Gallow appealed to the Fifth Circuit, which granted a COA to determine whether Gallow's ineffective assistance of counsel claim against Muhammad was tolled during the time Gallow's motions to withdraw his guilty plea were pending. *Id.* at Doc. No. 30. The Fifth Circuit denied a COA with respect to Gallow's compulsory process claim, finding Gallow had "not shown that jurists of reason would debate the correctness of its dismissal." *Id.* at p. 3. Ultimately, the Fifth Circuit determined Gallow's motions to withdraw his guilty plea were properly filed as post-conviction motions and therefore tolled

the running of limitations, but remanded the case for a determination of the length of time the motions remained pending. *See Gallow v. Cooper*, 301 Fed.Appx. 342 (5th Cir. 2008).

On remand, this Court denied the ineffective assistance of counsel claim on the merits without an evidentiary hearing and denied a COA. Civil Action No. 6:04-1905 (W.D.La.), Doc. Nos. 50, 52 and 54. Thereafter, the Fifth Circuit granted a COA as to: (1) whether the district court erred in denying Gallow's ineffective assistance claim, and (2) whether the district court erred in denying an evidentiary hearing on that claim.[1] *Gallow v. Cooper*, 505 Fed.Appx. 285, 289 (5th Cir. 2012). Ultimately, the Fifth Circuit affirmed this Court's Judgment in an opinion rendered on August 24, 2012.[2] *Id.* at 290. On June 27, 2013, the United States Supreme Court denied Gallow's petition for a writ of certiorari.[3] *Gallow v. Cooper*, 570 U.S. 933 (2013).

---

[1] The parties were additionally directed "to brief whether [the] appeal [was] affected by any matter that remains pending in state court or that was decided in state court subsequent to the district court's decision." *Gallow*, 505 Fed.Appx. 285, 289 (5th Cir. 2012). Respondent declined to file any further briefing. *Id.* Noting that its concern was whether Gallow's claim was exhausted, the Fifth Circuit nevertheless found, "Despite the possibility of there being a motion pending in state court, the state court has had multiple opportunities to address Gallow's claim that Muhammad provided ineffective assistance and has consistently denied his claim. We conclude that Gallow's claims have been presented to the state courts and are exhausted." *Id.* at 296.

[2] The Fifth Circuit held that because Gallow did not provide any admissible evidence in state court to support his claim that Muhammad was ineffective in counseling him to plead guilty, Gallow could not show that the state court's decision to deny his ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law, as would warrant federal habeas relief. *Gallow* 505 Fed.Appx. at 294. The Fifth Circuit concluded it was prohibited from considering Muhammad's affidavits, as well as Muhammad's subsequent sworn testimony in disbarment proceedings (wherein he testified similarly to that which he had previously set forth in his affidavits), due to the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Gallow* at 292. In *Pinholster*, the Supreme Court held "that in granting or denying an application for a writ of habeas corpus on behalf of a state prisoner, '[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.'" *Gallow* at 293 (quoting *Pinholster* at 185).

[3] Justice Breyer, joined by Justice Sotomayor, issued a statement respecting the denial of certiorari, noting in pertinent part:

On February 4, 2016, Gallow filed a second application for a writ of habeas corpus in this Court, arguing: (1) the state court had violated his constitutional rights because it had not ruled on his motions to withdraw his guilty plea, (2) the state's failure to rule on the motions constituted a waiver of its right to comity, such that federal courts should intervene and grant him relief, and (3) this Court should hold an evidentiary hearing to determine if Gallow may withdraw his guilty plea based on his trial counsel's ineffective assistance and conflict of interest. *See Gallow v. Cain*, Civil Action No. 6:16-174 (W.D.La.), Doc. Nos. 1, 11. The Court deemed the petition to be a successive petition and ordered it transferred to the Fifth Circuit pursuant to 28 U.S.C. § 1631. *Id.* at Doc. No. 9. The Fifth Circuit denied Gallow's motion for authorization to file a second or successive § 2254 application, finding in pertinent part as follows:

> Authorization to file a second or successive § 2254 application shall not be granted as to a claim that was presented in a prior § 2254 application. 28 U.S.C. § 2244(b)(1). An applicant seeking to file a second or successive § 2254 habeas application that raises a claim not presented in a prior application must make a prima

---

       In my view, a petitioner like Gallow is in a situation indistinguishable from that of a petitioner like Trevino: Each of these two petitioners failed to obtain a hearing on the merits of his ineffective-assistance-of-trial-counsel claim because state habeas counsel neglected to "properly presen[t]" the petitioner's ineffective-assistance claim in state court. . . . In such circumstances, where state habeas counsel deficiently neglects to bring forward "any admissible evidence" to support a substantial claim of ineffective assistance of trial counsel, there seems to me to be a strong argument that the state habeas counsel's ineffective assistance results in a procedural default of that claim. The ineffective assistance of state habeas counsel might provide cause to excuse the default of the claim, thereby allowing the federal habeas court to consider the full contours of Gallow's ineffective-assistance claim. For that reason, the Fifth Circuit should not necessarily have found that it could not consider the affidavit and testimony supporting Gallow's claim because of *Cullen v. Pinholster*. . . .

       Nonetheless, I recognize that no United States Court of Appeals has clearly adopted a position that might give Gallow relief. But I stress that the denial of certiorari here is not a reflection of the merits of Gallow's claims.

*Id.* (citing *Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012)).

> facie showing that either (1) the claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence, and the underlying facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. § 2244(b)(2), (b)(3)(C).
>
> Gallow's proposed claims do not satisfy the requisite standards. The factual predicates for the claims are not new, *see Gallow v. Cooper*, 505 F.App'x 285, 286-89 (5th Cir. 2012), and the claims do not rely on a new rule of constitutional law. Additionally, this court has already ruled against Gallow's contention that the district court should hold an evidentiary hearing on whether he should be allowed to withdraw his guilty plea. *See id.* at 295-96.

*Id.* at Doc. No. 11.

On November 26, 2018, Gallow filed the instant application for a writ of habeas corpus, again arguing ineffective assistance of trial counsel (Muhammad) and ineffective assistance of post-conviction counsel (Adebamiji).[4] [Doc. 1 at 3; Doc. 1-2 at 20, 22]. Gallow states in his brief, "On November 5, 2015, after seventeen years, the state trial court finally held a hearing and issued a ruling on Gallow's motion to withdraw guilty plea."[5] [Doc. No. 1-2 at 9]. He further notes trial counsel (Muhammad) appeared at the hearing and "admitted on the record to his conflicts of interest and other various forms of ineffectiveness on his part which led to Gallow entering his guilty plea." *Id.* According to

---

[4] Gallow's claim for ineffective assistance of post-conviction counsel makes the same arguments as his denial of the right to compulsory process claim, which was rejected by this Court and the Fifth Circuit. *Gallow v. Cooper*, Civil Action No. 04-1905 (W.D.La.), Doc. No. 30 at 3.

[5] It is unclear to the Court why Gallow made no reference to the November 5, 2015 hearing in his second application for a writ of habeas corpus, as that application was filed on February 4, 2016, approximately three months after his state court hearing.

Gallow, the motion was denied by the trial court, and writs were denied by the Louisiana Third Circuit Court of Appeals, as well as the Louisiana Supreme Court. *Id.* at 9-10.

The Court agrees with the recommendation of the Magistrate Judge that the claims asserted by Gallow in this proceeding are "successive within the meaning of 28 U.S.C. § 2244(b)." [Doc. No. 3 at 2]. All three of Gallow's habeas applications challenge "the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also Gilkers v. Vannoy*, 904 F.3d 336, 341 (5th Cir. 2018). As a result, Gallow must receive authorization from the Court of Appeals before filing his successive challenge. *Burton* at 153. Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate Judge [Doc. No. 3], as supplemented in this Ruling, Gallow's petition is deemed successive and will be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

THUS DONE in Chambers on this 22nd day of February, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**